UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62439-CIV-SINGHAL

DAVID ZAYATZ,                                    **<u>CONSOLIDATED CLASS ACTION</u>**

*individually and on behalf of others similarly situated*,

     Plaintiff,

v.

AKUMIN OPERATING CORP.

     Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiff's Joint Motion to Consolidate Actions, Appoint Interim Class Counsel, and Set Schedule Under F.C.R.P. 23(g)(3) & 42(a) and Memorandum in Support (DE [5]) ("Motion"). On December 30, 2024, Plaintiff ("Zayatz") moved to consolidate the instant action with *Gina Letizio v. Akumin Operating Corp,* Case No. 0:24-cv-62440.  (DE [5], p. 3).  On February 12, 2025, upon a review of the Motion and its civil case report, this Court issued an Order (DE [12]) to show cause as to why the following actions ("Related Actions") should not be consolidated with this case for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a):

    0:24-cv-62440     *Gina Letizio v. Akumin Operating Corp.*

    0:25-cv-60067     *Michele Mariano Guerra v. Akumin Operating Corp.*

    0:25-cv-60088     *Eduardo Guillen v. Akumin Operating Corp*

Defendant ("Akumin") "does not oppose consolidation of the Related Cases." (De [14]).  Having reviewed the Motion and the Complaints in all actions and having found that the cases (1) involve some of the same issues of fact and law for purposes of consolidation; (2) grow out of the same alleged data breach involving Akumin; (3) have many of the same claims; and (4) have proposed class definitions that will encompass the same persons, the Court finds that the cases have sufficient commonality of issues and parties to warrant consolidation pursuant to Federal Rule of Civil Procedure 42.  The Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion.  The effect of such consolidation will be judicial economy and preserving the parties' resources, as well as avoiding disparate rulings in separate actions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Consolidate Cases (DE [5]) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.      The above-listed actions, and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this Court, shall be **CONSOLIDATED** for all purposes into the *Zayatz* action, Case No. 0:24-cv-62439-AHS.  All future pleadings, motions, briefs, and other papers shall be filed in the *Zayatz* action, which shall hereinafter be a Consolidated Action.  The Clerk of Court is **DIRECTED** to docket this Order in each of the Related Cases listed above and to **CLOSE** each of the Related Actions;

2.      Each new case that arises out of the subject matter of the Consolidated Action, which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action.  This Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or to any provision of this Order, within ten (10) days

after the date upon which a copy of this Order is served on counsel for such party.  Such party shall object by filing an application for relief, and this Court shall determine whether it is appropriate to grant such application.  Nothing in the forgoing shall be construed as a waiver of Defendant's right to object to consolidation of any subsequently filed or transferred related action;

3.      Any attorney who has filed an action in any of these consolidated cases may file an application for consideration as interim class counsel.  All applications must be e-filed in Case No. 24-62439-CIV-SINGHAL by **March 20, 2025.**  Each attorney's application shall not exceed five pages (double-spaced) and may include a resume no longer than five pages (including attachments), addressing the factors set forth in Federal Rule of Civil Procedure 23(g)(3);[1]

4.      Within **seven (7)** days of the Court's entry of an order appointing interim class counsel, such interim class counsel shall submit to the Court a detailed timekeeping protocol to be followed by all counsel for the Plaintiffs.  All Plaintiffs' counsel shall then comply with the terms of this protocol;

5.      Plaintiffs shall file a Consolidated Amended Complaint no later than **45 days** following the appointment of interim class counsel;

6.      Defendant shall be relieved from responding to the Complaints in the above-captioned actions and any subsequently filed related case until the Court issues an Order on the appointment of interim lead class counsel and Plaintiffs file an Amended Consolidated Complaint.

---

[1] This Court has reviewed Ms. Weekes and Mr. Ostrow's qualifications for the appointment as set forth in the Motion but asks that they re-submit their application in accordance with the above format.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of February 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF